## MASON & HANGER CO. v. SHARON.

(Circuit Court of Appeals, Second Circuit. December 15, 1914.)

No. 86.

MASTER AND SERVANT ⊙⟶252—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT—NOTICE TO MASTER.

Under Labor Law N. Y. (Consol. Laws, c. 31) § 201, as amended by Laws N. Y. 1910, c. 352, requiring an injured employé who desires to recover under that act to serve a notice in writing upon his employer, in case of a corporation, by delivering or mailing it to the office or principal place of business of such corporation, a notice to an employer, which was a foreign corporation, and which had designated its principal place of business, which notice was mailed to a branch office of the corporation at a place other than its designated place of business, is not sufficient, though it was actually received by the corporation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. ⊙⟶252.]

In Error to the District Court of the United States for the Southern District of New York.

H. S. Hertwig, of New York City, for plaintiff in error.

S. A. Syme, of Mt. Vernon, N. Y., for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. This was an action under the Employers' Liability Act of the state of New York to recover damages for personal injuries sustained by the plaintiff while in the employment of the defendant. The jury rendered a verdict for the plaintiff.

The only error we discover in the bill of exceptions is connected with the service of the notice prescribed by section 201 of chapter 31 of the Consolidated Laws, entitled Labor Law, as amended by chapter 352, Laws of 1910, which is as follows:

"201. Notice to be Served. No action for recovery of compensation for injury or death under this article shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one year after the occurrence of the accident causing the injury or death. The notice required by this section shall be in writing and signed by the person injured or by some one in his behalf, but if from physical or mental incapacity it is impossible for the person injured to give notice within the time provided in this section, he may give the same within ten days after such incapacity is removed. In case of his death without having given such notice, his executor or administrator may give such notice within sixty days after his appointment, but no notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury if it be shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby. If such notice does not apprise the employer of the time, place or cause of injury, he may, within eight days after service thereof, serve upon the sender a written demand and a further notice, which demand must specify the particular in which the first notice is claimed to be defective, and a failure by the employer to make such demand as herein provided shall be a waiver of all defects that the notice may contain. After service of such demand as herein provided, the sender of such notice may at any time within

eight days thereafter serve an amended notice which shall supersede such first notice and have the same effect as an original notice hereunder. The notice required by this section shall be served on the employer, or if there is more than one employer upon one of such employers, and may be served by delivering the same to or at the residence or place of business of the person on whom it is to be served. The notice or demand may be served by post by letter addressed to the person on whom it is to be served, at his last known place of residence or place of business, and if served by post shall be deemed to have been served at the time when the letter containing the same would be delivered in the ordinary course of the post. When the employer is a corporation, notice shall be served by delivering the same or by sending it by post addressed to the office or principal place of business of such corporation."

It is to be observed in the first place that this article of the Labor Law, viz., article 14, entitled "Employers' Liability," increases the common-law liability of the master and that it makes conformity with its provisions a condition precedent of the servant's right of action.

Next it is to be noted that actual knowledge by the master of everything prescribed by the act is immaterial. The Legislature must, of course, have been aware that generally speaking the master knows all about such occurrences. Proof of this fact, or even proof that the fullest information had been given verbally, would amount to nothing. The notice must be given in writing. While the section provides that unintentional inaccuracies as to the time, place, or cause of the injury shall not invalidate the notice if the master has not been misled thereby, it allows no such latitude as to the method of service. We think the provision of the act must be strictly observed.

The defendant is a corporation of West Virginia, and before doing business in this state it was obliged under section 16 of the General Corporation Law to file in the office of the Secretary of State a statement setting forth among other things, "a place within the state which is to be its principal place of business." The defendant did make a statement as follows:

"Second. That the place within the state of New York which is to be its principal place of business is Cornwall, Orange county, N. Y."

Subdivision 9 of section 3 of the General Corporation Law provides:

"The term 'office of the corporation' means its principal office within the state or principal place of business within the state if it has no principal office therein."

We think the words "office or principal place of business" in section 201 of chapter 352, Laws of 1910, mean principal office or principal place of business. The plaintiff served the notice in this case by mailing it to a branch office of the defendant at Van Cortlandt Park.

The Court of Appeals of New York has construed this provision as to notice most strictly, holding that the notice is effective if it be mailed in accordance with the section, whether the master receive it or not. Hurley v. Olcott, 198 N. Y. 132, 91 N. E. 270, 28 L. R. A. (N. S.) 238. Similarly notice not mailed in accordance with the section, though received, is not notice within the meaning of the act.

Counsel urges upon us as controlling the fact that the notice was

actually received; but, as we have seen, actual notice is not the essential, while compliance with the requirements of the statute is. It is not for us to inquire why the Legislature saw fit to make these conditions precedent to the employé's right of action, nor why it required any notice at all, nor why, requiring notice, it prescribed that it should be in writing and given within 120 days after the injury, nor why it prescribed so carefully the method of service. The law is so written. We regret extremely to reverse this judgment, but feel that we should be rewriting the statute if we did otherwise.

Judgment reversed.