## MASON & HANGER CO. v. SHARON.

(Circuit Court of Appeals, Second Circuit. March 14, 1916.)

### No. 171.

1. EVIDENCE ⊝389—PAROL EVIDENCE—CORPORATE RECORDS—"PRINCIPAL OFFICE."

Under General Corporation Law N. Y. (Consol. Laws, c. 23) § 3, subd. 9, defining the term "office" of the corporation as its principal office within a state, or principal place of business within the state if it has no principal

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

office therein, the "principal office" of a foreign corporation, where a notice of claim for injuries to an employé may be served under New York Employers' Liability Act (Consol. Laws N. Y. c. 31, §§ 200–204), is not synonymous with its principal place of business, which it is required by the New York General Corporation Law to designate in the certificate filed with the secretary of state, and parol evidence is admissible to show that its principal office is at a place different from its designated principal place of business.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1718; Dec. Dig. ☞389.

For other definitions, see Words and Phrases, First and Second Series, Principal Office.]

2. MASTER AND SERVANT ☞276(1)—INJURIES TO SERVANT—NOTICE OF CLAIM— SUFFICIENCY OF EVIDENCE—PLACE OF SERVICE.

In an action for personal injuries under the New York Employers' Liability Act, evidence *held* sufficient to warrant the jury in finding that the office of the corporate employer, where the notice of claim required by that act was served, was its principal office.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950, 954; Dec. Dig. ☞276(1).]

In Error to the District Court of the United States for the Southern District of New York.

Action for personal injuries by Michael Sharon against the Mason & Hanger Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 219 Fed. 526, 135 C. C. A. 276.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig, George M. Clarke, and George W. Martin, all of New York City, of counsel), for plaintiff in error.

Sydney A. Syme, of Mt. Vernon, for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. This action was brought under the Employers' Liability Act of the state of New York. The complainant alleges that he was at the time of the accident employed by the defendant, a foreign corporation organized under the laws of the state of West Virginia—that while so employed he was engaged in working in a certain shaft maintained by defendant in connection with the work being done by defendant in the construction of the new aqueduct for the city of New York; that on August 22, 1913, while working in the shaft he was struck by a rock which fell from the roof and threw him to the ground and crushed him; that the injuries he received were caused by the negligence of defendant and the carelessness of the persons intrusted by it with the superintendence of the work. It is also alleged that as a result of his injuries his leg was amputated, his arms fractured, and that he suffered permanent injuries to his head, back, spine, hips, and internal organs. The jury found the defendant guilty of negligence and awarded the plaintiff the sum of $21,500, which the trial judge later reduced to the sum of $15,000.

The case has previously been before this court. At that time the plaintiff had obtained a verdict for $5,000. We reversed the judg-

ment upon the ground that the notice of claim which the New York act required to be served had not been served at the principal place of business of the defendant company. See 219 Fed. 526, 135 C. C. A. 276. The case went back for a new trial and is again brought to this court, and the main assignment of error is now as it was then that the notice of claim was not served as required by the act. The provision of the act on this subject is set forth at length in our former opinion. It is unnecessary therefore to incorporate it herein. We need say simply that it provides that no action can be maintained until a notice in writing signed by the person injured or by some one in his behalf is given to the employer and "when the employer is a corporation, notice shall be served by delivering the same or by sending it by post addressed to the office or principal place of business of such corporation." The act expressly declares that the notice may be served by post.

There is no dispute but that notice was served within the time fixed by the statute. Neither is there any question but that it was served in the proper manner. The question is whether it was served "at the principal office" of the defendant. The record in this case differs from the record in the former case in the evidence bearing upon this question.

The trial judge left it to the jury to determine whether the notice had been served at defendant's "principal office" when it was mailed to the Van Cortlandt Park office and charged that there could be no recovery unless the Van Cortlandt Park office was defendant's "principal office" at the time of the service. The instruction of the court on this matter was full and clear, covering more than five printed pages. On this question the court charged in part as follows:

"What does 'principal office' mean? I should say that an office that they themselves regarded as their real headquarters, and that in itself is to be determined by the things that they did there, and at any other office. The comparative importance of the things they did at the two places, not the actual work that is being done under the contract, because a man can have his principal office downtown and have his work away uptown. But the office. The office is the place for correspondence, it is the place for the bookkeeping. It is the place for the people themselves to regard as their headquarters. The place for the executive officers of the corporation.

In your judgment did these parties, the officers of the defendant, on September 4, 1913, consider, and were they in reason justified in considering Van Cortlandt Park as their real headquarters and principal office, or did they consider and were they justified in considering Cornwall on the Hudson as their principal office?"

The verdict shows that the jury were satisfied that the Van Cortlandt Park office was at the time of service the principal office.

[1] It is assigned as error that the court erred in receiving parol evidence on the question of the location of defendant's principal office. The reason for this assignment of error is based on the fact that the General Corporation Law of the state of New York requires a foreign corporation coming into the state to do business to file with the secretary of state a certificate stating where within the state the corporation is to have its principal place of business. As such a certificate had been filed by the defendant, and as Cornwall on the Hudson

was designated therein, the claim is made that the statement therein is conclusive and cannot be contradicted by parol evidence. The certificate stated:

"That the place within the state of New York which is to be its principal place of business is Cornwall on the Hudson, Orange county, New York."

Now no parol evidence was introduced to contradict the certificate in the particular referred to and to show that defendant's "principal place of business" was not Cornwall on the Hudson. On the contrary, the parol evidence introduced was admitted to show, not where defendant had its "principal place of business," but to show where it had its "principal office." The terms "principal place of business" and "principal office" are by no means synonymous and are not used as synonymous in the New York General Corporation Law. That the two terms are not used as synonymous is clearly shown by the phraseology of the act which states that:

"The term 'office of the corporation' means its principal office within the state *or* principal place of business within the state *if* it has no principal office therein." Laws of 1909, c. 28 (Consol. Laws, c. 23) § 3, subd. 9.

The parol evidence was properly received; and the question whether the Van Cortland Park office was at the time of service the principal office of defendant was one of fact which was properly submitted to the jury.

[2] The evidence showed that defendant had only two contracts within the state of New York. One of these was for work at Cornwall on the Hudson, known as contract No. 20. The other was for work at Van Cortlandt Park, known as contract No. 63. At the time of the injury complained of the work under contract No. 20 had been completed and accepted by the city. The plaintiff was employed upon the work done under contract No. 63. On August 30, 1911, the defendant addressed a letter to the "Board of Water Supply, City of New York," saying:

"We have established our city office at Van Cortlandt Park, to be used during the construction of contract No. 63, and we respectfully ask that in the future you will kindly address us at that address on all matters pertaining to this contract, instead of Cornwall on Hudson, N. Y., as given in our proposal."

There was other evidence which tended to show that Van Cortlandt Park was, in September 1913, when the notice was given, the principal office of defendant within the state. One fact alone will be referred to. A process server testified that in September, 1912, he went to serve certain papers on defendant at the office at Van Cortlandt Park and asked the defendant's president "where his principal office was in New York state, so that I could serve papers." "Did you tell him that?" the court inquired. To which the witness replied, "Yes, sir. That was exactly what I told him beforehand, so that I could serve papers in connection with cases I may have against him, and he told me right here, meaning Van Cortlandt Park, where we were standing." The witness went on to explain more specifically that what he asked was where the principal office of the corporation was. There was evidence to the effect that no such conversation took place, but

the jury had a right to disregard it. The jury has found specifically that the company's principal office was at the time of service at Van Cortlandt Park, and this court is satisfied that the evidence supports the finding.

The defendant contends that the evidence shows that the accident happened without any negligence whatever on its part and that it was a case of pure accident. We have looked into the evidence with care and are satisfied that it was sufficient to justify the submission of the charge of negligence to the jury.

The defendant also contends that plaintiff was guilty of contributory negligence as matter of law. We do not think so. Contributory negligence under the New York act is a defense to be pleaded and proved by defendant. Consolidated Laws N. Y. c. 31, as amended by chapter 352, Laws 1910. Defendant has pleaded it, but the question whether it has proved it was upon the evidence a question for the jury. The evidence upon the first appeal upon the question of plaintiff's contributory negligence is practically identical with the evidence on the present appeal. We then declared that "the only error we discover in the bill of exceptions is connected with the service of the notice." It seemed to us then, as it seems to us now, that there was no error in submitting the question of plaintiff's contributory negligence to the jury.

Judgment affirmed.