**GORMAN v. A. B. LEACH & CO., Inc.**

(District Court, E. D. New York. January 16, 1926.)

**1. Courts ⬤═276—Corporation's right to be sued in particular district of state having more than one district may be waived (Judicial Code, § 52 [Comp. St. § 1034]).**

Corporation's privilege, under Judicial Code, § 52 (Comp. St. § 1034), to be sued in particular district of state having more than one district, may be waived.

**2. Courts ⬤═276—Corporation's waiver of right to be sued in particular federal district may arise from general appearance, failure to take steps to set aside appearance in state court, or otherwise (Judicial Code, § 52 [Comp. St. § 1034]).**

Corporation's waiver of right, under Judicial Code, § 52 (Comp. St. § 1034), to be sued in particular federal district, may arise from such acts as a general appearance, failure to take steps to set aside a general appearance made in state court before removal, or other acts or omissions.

**3. Corporations ⬤═18.**

Charter is contract, essential part of which is certificate filed containing designation of principal place of business.

**4. Courts ⬤═274—Corporation domiciled in state is "inhabitant," "resident," and "citizen" of county or federal district where its principal place of business is located.**

Words "inhabitant," "resident," and "citizen" all include the idea of domicile, and corporation domiciled in state becomes an inhabitant, resident, and citizen, not only of state, but of the county or federal district wherein its principal place of business is located.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen; Inhabitancy—Inhabitant; Resident.]

**5. Courts ⬤═274—"Resident," as affecting defendant's right to be sued in federal district wherein he resides, must be construed in terms of domicile as applied to corporations (Judicial Code, §§ 51, 52 [Comp. St. §§ 1033, 1034]).**

Term "resident," as used in Judicial Code, §§ 51, 52 (Comp. St. §§ 1033, 1034), relating to defendant's right to be sued in federal district wherein he resides, must be construed in terms of domicile, as applied to corporations.

**6. Courts ⬤═280—Domicile or residence within state, affecting corporation's right to be sued in particular federal district, is question of fact (Judicial Code, § 52 [Comp. St. § 1034]).**

The place of a corporation's domicile or residence within the state, as affects its right under Judicial Code, § 52 (Comp. St. § 1034), to be sued in a particular federal district, is question of fact; due regard being given to any statement in certificate of incorporation as element of proof.

**7. Corporations ⬤═52.**

Corporate change of residence or domicile, even within state, is invalid, unless allowed by or made pursuant to state statutes.

**8. Corporations ⬤═52, 507(14)—Corporation may be deemed to retain residence, abandoned in fact; by affording opportunity for service of process on it at abandoned residence waives objection to such service.**

Where domicile or residence of corporation is essential, a corporation may be deemed to still retain a residence which it has left in fact for another within the state, without complying with state statute; and such corporation, by affording an opportunity for otherwise valid service of process to be made on it at place of such "residence," waives its right to object to such service.

**9. Courts ⬤═276—Corporation held to have waived right to object to suit in district of abandoned "residence" (Laws N. Y. 1909, c. 61 [Consol. Laws, c. 59] § 13; Civil Practice Act N. Y. § 228; Judicial Code, § 52 [Comp. St. § 1034]).**

Corporation, chartered in 1902, whose certificate declared its principal place of business to be in N. county, in Eastern district of New York, and which subsequently changed its residence, without complying with state statutes (Laws N. Y. 1909, c. 61 [Consol. Laws, c. 59] § 13), and thereafter affording opportunity for service of process on it in N. county, pursuant to Civil Practice Act N. Y. § 228, *held* to have waived its right to object, under Judicial Code, § 52 (Comp. St. § 1034), to suit in the Eastern district.

**10. Corporations ⬤═507(15)—Affidavit on which order to show cause why service of process on corporation should not be set aside held insufficient.**

Affidavit, filed on December 29, on which order to show cause why service of process on corporation in N. county (Eastern district of New York), on December 11, should not be set aside, which stated only that corporation's office "is" in New York county (Southern district), *held* insufficient, as not necessarily showing that corporation had no office in N. county at time of service.

**11. Corporations ⬤═507(15)—Order to show cause why service of process on corporation should not be set aside should itself clearly show grounds of objection (Civil Practice Rules N. Y. rule 62).**

Order to show cause why service of process on corporation should not be set aside, under Civil Practice Rules N. Y. rule 62, should itself clearly show the grounds of objection, and order based on "the grounds and for the reasons stated in the affidavit" *held* not in proper form.

At Law. Action by John J. Gorman against A. B. Leach & Co., Inc. On motion of defendant to set aside service of summons and complaint. Motion denied.

A. Gordon Murray, of New York City, for plaintiff.

Harold H. Corbin, of Saratoga Springs, N. Y., for defendant.

INCH, District Judge. This is a motion by a corporation, defendant (claiming

to have its principal office and place of business in New York City, Southern district of New York), to set aside the service of a summons and complaint upon it, made in Nassau county, Eastern district of New York. The appearance of the defendant has been a special one, solely for the purpose of this motion.

The action (one at common law) was commenced in this court, Eastern district of New York, and the summons was served on a director of the defendant at a place in Nassau county within said district. Personal service of summons upon domestic corporation is made by service on the president or other head of the corporation, the secretary or clerk to the corporation, the treasurer, the cashier, or a director or managing agent. Section 228, Civil Practice Act of New York. Therefore, so far as I can tell, from the papers on the motion and argument of counsel, no contention is made that the service itself is invalid, if. it has been made in the right district. The sole ground argued was that such service, otherwise valid, is invalid, because made in the wrong district.

The order to show cause, the form of which will hereafter be referred to, states that the service is void "upon the grounds and for the reasons stated in the affidavit of Arthur B. Leach." This affidavit, among other things, states that the "residence" and "principal office" and "place of business" of the defendant corporation is at 62 Cedar street, borough of Manhattan, city, county, and state of New York, in the Southern district of New York; that defendant has no office in the Eastern district of New York; "that, the Southern district of New York being the location of the principal place of business of the corporate defendant, deponent claims the right to be sued in that district; and that this district [Eastern district] therefore has no jurisdiction over the corporate defendant."

Two questions are presented: First, this question, raised by defendant, whether the corporate defendant can be served at all in the Eastern district of New York; second, a question, raised by plaintiff, as to the proper form of the order to show cause, in cases where "defects, irregularities," etc., are claimed to exist. We will take these questions up in the above order, but, before doing so, it may be best to state the following facts, as they would appear from the affidavits and papers submitted:

Plaintiff is a citizen of New Jersey. Defendant is a business stock corporation, incorporated by and under the laws of the state of New York, and therefore a citizen of New York. The suit is one at common law. Plaintiff claims he has been defrauded by defendant, and damaged thereby in the sum of $25,000. The suit, therefore, so far as general jurisdiction of this court is concerned, depends on diversity of citizenship, and, same being alleged in the complaint, the contention now raised by defendant does not go, so far as this motion is concerned, to this constitutional jurisdiction over the cause of action, but solely to that "privilege," conferred on a defendant, not to be sued outside the district described in section 52 of the Judicial Code.

Section 52. Suits in State Containing More than One District. "When a state contains more than one district, every suit not of a local nature, in the District Court thereof, against a single defendant, inhabitant of such state, must be brought in the district where he resides." Judicial Code, § 52; R. S. § 740; U. S. Comp. Stat. § 1034; 5 Fed. Stat. Ann. (2d Ed.) 518; Act March 3, 1911.

[1, 2] The above distinction is important. Rose, Fed. Jurisdiction (2d Ed.) § 272. This "privilege" to be sued in some particular district of a state having more than one federal district may be waived by a defendant. Panama R. Co. v. Johnson (C. C. A.) 289 F. 964. Such waiver may arise from acts, such as a "general appearance," or a failure (in New York state) to take certain steps (allowed by the Civil Practice Act of New York) to set aside a general appearance, filed in an action originally commenced in the state court, before or possibly after removal from the state court to this court. Mannion v. Shipping Board (C. C. A. 2d Cir.) 9 F.(2d) 894, decided November, 1925. It may arise from other acts or omissions presenting a proper ground for such finding.

It would appear that in January, 1902, the defendant was duly incorporated in this state, the certificate of incorporation stating that the parties signing same, "desiring to form a stock corporation pursuant to the provisions of the Business Corporation Law of the state of New York," did execute said certificate; same containing the following: "Fifth, its principal place of business is to be located in Garden City, county of Nassau, state of New York." A duplicate original of this certificate was thereafter duly filed in the clerk's office of said county. Its corporate name then was "Corporate Organization & Audit Company." Later, and in

March, 1907, this name was duly changed to its present one, "A. B. Leach & Co., Inc." This defendant, when it became incorporated, thus duly set forth in its certificate, in accordance with the statutes of the state, that "its principal place of business" was Garden City, Nassau county, state of New York. This county is in the Eastern district.

We come, therefore, to the question raised by defendant. This question really is: Can a New York state corporation, which duly received a charter from the state of New York in 1902, by one of the material terms of which it proposed to maintain "its principal place of business" or "principal office" in Nassau county, in said state (Eastern district), subsequently change its "residence" within the state to an entirely different county (Southern district), and then claim in 1926, when service, otherwise valid, has been made upon it in the former county and district, that it has been sued in the wrong district?

[3] This is not as easy to answer as might appear. A charter is a contract. Dartmouth College v. Woodward, 4 Wheat. 518, at page 625, 4 L. Ed. 629. One of the essential parts of a charter of a corporation is the certificate filed by it for the purpose of incorporation. Baltimore Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; 14 Corpus Juris, § 108. One of the essential parts of this certificate, and hence of the charter as a whole, is the statement required by the statutes, where in the state the corporation is to have its "principal office" or "principal place of business."

While there is a difference in fact and for certain purposes between these two places (Mason Co. v. Sharon, 231 F. 861, 146 C. C. A. 57), for the purpose of deciding the question here, such distinction is not material, as defendant claims it now has neither "an office" nor "a principal place of business" in Nassau county, Eastern district. It has been held that, so far as the statement in the certificate goes, there is no distinction between the two. In re Federal Contracting Co., 212 F. 688, 129 C. C. A. 224. It also seems plain, as a fact, that when this defendant corporation applied for its charter it intended that there should be no distinction between the two at that time. Defendant expressly agreed with the state that its principal place of business, or for that matter, so far as I can see, its "principal office," was to be, until duly changed, in Nassau county, New York state, Eastern district.

[4] The words "inhabitant," "resident," and "citizen" "all include the idea of domicile." U. S. v. Gronich (D. C.) 211 F. 548; 14 Corpus Juris, §§ 416 to 418. It would appear, therefore, that at the time of its incorporation this defendant became an "inhabitant," "resident," and "citizen," not only of the state of New York, but of Nassau county in said state. Wienbroer v. U. S. (D. C.) 299 F. 972; Carvel Realty Co. v. Jonas, 186 N. Y. S. 802, 195 App. Div. 662.

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may by its agents transact business anywhere, unless prohibited by its charter or excluded by local laws." Ex parte Schollenberger, 96 U. S. 369, at page 377, 24 L. Ed. 853. (This case related to a foreign corporation and to a different form of statute, but the statement would seem to be applicable.) A corporation, "unlike a natural person, cannot change its domicile at will." Shaw v. Quincy Co., 12 S. Ct. 935, 938, 145 U. S. 444, at page 452 (36 L. Ed. 768); Insurance Co. v. Francis, 11 Wall. 210, at page 216, 20 L. Ed. 77; St. Louis v. Ferry Co., 78 U. S. (11 Wall.) 423, 20 L. Ed. 192.

"A corporation cannot change its domicile or residence at will, but only as authorized by statute." Fairbanks Co. v. Wills, 36 S. Ct. 466, 240 U. S. 642, 60 L. Ed. 841. The mere transaction of business or having an office elsewhere does not change its citizenship. Barrow Steamship Co. v. Kane, 18 S. Ct. 526, 170 U. S. 100, 42 L. Ed. 964.

The wisdom of the state in fixing and also providing for any change of "residence" or "domicile" of the corporation is for many purposes, and self-evident; "the provision did not originate in any supposed necessity for having the 'principal office' and the place of principal business of the corporation identical." Western Co. v. Scheu, 19 N. Y. 408. It has even been suggested by a state court that a violation, such as here is claimed, might present a case for dissolution. People v. Barker, 34 N. Y. S. 269, 87 Hun, 341, affirmed on opinion below, 42 N. E. 725, 147 N. Y. 715. And so far as New York statutes go, in construing this point, the terms "principal office" and "principal place of business" have been held to be the same. People v. Barker, supra.

The state court also has forbidden attempts to reserve the right to change such "residence," except in accordance with statute. People v. Barker, 36 N. Y. S. 842, 91 Hun, 590, affirmed without opinion 44 N.

E. 1127, 149 N. Y. 589. In this (Eastern) disdrict it has been held, "where a state contains more than one federal judicial district, a corporation of the state, for the purpose of bringing suit or being sued in a federal court, is, at least prima facie, a resident and inhabitant of the district in which it has its principal office, as designated in its certificate or articles of incorporation in accordance with the requirement of the state law." Firestone Co. v. Vehicle Co. (C. C.) 155 F. 676.

Finally it has been held, by the Circuit Court of Appeals, Seventh Circuit (In re Federal Contracting Co., supra), that where a charter fixed Chicago as the residence, and no attempt had been made to comply with the state statute (Illinois) to change such designation, that although after a short time no office was maintained in "Chicago," but the bankrupt did maintain an office at "Beardston," where it kept its records, books, etc., that its stationery carried the address at "Beardston," and that address was given in its reports to the Secretary of State and collector of internal revenue as the location of "its principal office," nevertheless the bankrupt's residence was still "Chicago"; the court further holding that, for the purpose of that incorporation, the terms "principal office" and "place of business" were synonymous. This case, while being in point, in no wise conflicts with the special facts in the Sharon Case, supra.

There is no question here about the general citizenship of defendant. The Underwriter (D. C.) 3 F.(2d) 483. This motion here relates solely to the right, if any, of a corporation to change its "domicile," not from the state, but in the state.

[5] The above, therefore, would seem to indicate that the term "resident" in the statute (sections 51 and 52, Judicial Code [Comp. St. §§ 1033, 1034]) is to be construed in terms of "domicile"; that a corporation cannot change its "domicile" or "residence" at will, but only in accordance with the statute; that, while there is a factual difference between "principal place of business" and "principal office," there is no distinction between them (and I am convinced there was none intended by this defendant at the time of its incorporation), when one or the other is used for the purpose solely of incorporation. If this were all, I might be able to state with some confidence that, for the purpose of this motion, the defendant was still, in law, a "resident" of Nassau county, Eastern district. The service, now before me, would then be valid.

Plaintiff contents himself with the statement that the service was made in Nassau county; that defendant designated such county as its place of residence. Defendant merely sets forth a general statement of fact, which is uncontradicted, that it has no place of business and no office of any kind in Nassau county, and that both its principal place of business and office is 62 Cedar street, New York City.

The reason for this lengthy opinion is that it seems to me important to plaintiff that he base his action with any judgment thereon on proper jurisdiction over the defendant. It is equally important to the defendant, if it is not a resident of Nassau county, that it be not subject to service, under section 52, in a county, other than its place of "residence."

My attention has not been called to, nor have I been able to discover, any case in this circuit where this precise question has been decided. The facts in the case decided by Judge Chatfield (Firestone Co. v. Vehicle Co., supra) differed from the facts here, for in that case the corporation insisted on being held a "resident" of the county where it actually had an office, and in addition to indicating that such "residence" in the state was a question of fact, the learned judge in effect held that such place of "residence" was prima facie the place where such office actually existed. The case (In re Federal Contracting Co., supra [7th Circuit]) would seem, however, to be more in accord with plaintiff's contention; but the statutes of Illinois are not shown.

There is a practical side, also, to this question. Such practical side has support, it seems to me, not only in common sense, but in law. One of the purposes of this section 52 of the Judicial Code may be to afford to a plaintiff the most reasonable and quickest way of effecting service, and to a defendant the quickest place of notice and action. Caceres v. U. S. (D. C.) 299 F. 968, at page 970.

If it should be held, on the facts here, that this defendant can only be sued in the Eastern district, where it concededly now has no actual office, nor does any business, it might mean that this purpose of the statute is ignored for a technicality. It is this purpose that the Supreme Court possibly had in mind when it states: "These cases must be regarded as establishing the doctrine that a domestic corporation is both a citizen and an inhabitant of the state in which it is incorporated; but in none of them is there any intimation that, where a state is divided into

two districts, a corporation shall be treated as an inhabitant of every district of such state, or of every district in which it does business, or, indeed, of any district other than that in which it has its headquarters, or such offices as answer in the case of a corporation to the dwelling of an individual." Galveston Railway v. Gonzales, 14 S. Ct. 401, 404, 151 U. S. 496, at pages 503, and 504 (38 L. Ed. 248).

[6, 7] The idea conveyed to me by the above decisions, and others somewhat similar, is that the place of "residence" within the state, is a question of fact, giving due regard to any statement in a certificate of incorporation, as an element of proof. This differs from forbidding a corporation to deny its "residence" in a state. It is also the law, it seems to me, that no corporate change of "residence," even within a state, is legally valid, unless allowed by or made pursuant to state statutes.

[8, 9] Therefore it would seem also to follow that, even if it was found as a "fact" that the "principal place of business" or "office" was in New York City, yet if, as a matter of law, this defendant changed its residence from Nassau county to New York county, without following procedure expressly allowed or set forth in New York state statutes, then, bearing in mind that all defendant relies on here is a question of venue (a "privilege" of defendant that may be waived or lost), it would seem, unless it was clearly shown on the motion that defendant had complied with such state statutes, it would at least be deemed to have waived the "privilege" not to be served in Nassau county, by reason of having been otherwise duly "found" and served in that county. To hold otherwise would mean that defendant could set up its violation of the state statutes as a shield from otherwise proper service therein. In other words, it would profit by its own violation of the very statutes by which it exists.

To be sure, this might mean that defendant would be temporarily subject to service in both districts, but such a situation would be of defendant's own choosing, and would only continue, pending defendant's availing itself of the proper state procedure. It might keep out of Nassau county, but, if it entered therein, to the extent of allowing otherwise proper service to be made, it would seem better to hold in accord with the state law in such case, particularly where the state courts are similarly endeavoring to enforce such state statutes, than to allow defendant's attempt in a federal court to avoid liability under such circumstances, to succeed. Therefore an inquiry into the state statutes governing this question is necessary.

Defendant was incorporated in 1902. For all useful purposes the state law of 1890, chapters 564, 567, with the subsequent amendments, was the law under which defendant became incorporated. So far as the question directly before me is concerned, there appears no material change in the state law until 1923. To be sure, the affidavit of defendant on this motion does not state the date when defendant changed its "principal office" or "place of business," but, assuming that it had been changed prior to or in 1907, when the original name of the corporation was changed to its present name, let us briefly look at the law. In 1909 the following state statute was in effect (so much as is material I quote):

"Any stock corporation now existing * * * may at any time change its principal office and place of business from the city, town or county named in its certificate of incorporation, * * * to any other city, town or county in this state, in which it may desire to actually transact and carry on its regular business from day to day, provided that such change has been authorized, either by unanimous consent of the stockholders expressed in writing and duly acknowledged and filed in the office of the secretary of state, * * * the president and secretary and a majority of the directors of such corporation shall sign a certificate stating the name of said corporation, the city, town and county where its principal office and place of business was originally located, and to which it may have been subsequently changed, and the city, town and county to which it is desired to change said principal office and place of business, and that it is the purpose of said corporation to actually transact and carry on its regular business from day to day at such place, and that such change has been authorized as herein provided, * * * which certificate * * * shall be filed in the office of the Secretary of State and a duplicate thereof in the office of the clerk of the county from which said principal office and place of business is about to be removed or changed, and another in the office of the clerk of the county to which said removal or change is to be made, and thereupon the principal office and place of business of such corporation shall be changed as stated in said certificate." Section 13, c. 61, Laws of 1909 (Consol. Laws, c. 59).

This section was derived from the Stock Corporation Law. Laws 1890, c. 564, § 59,

as added by Laws 1896, c. 929, and amended by Laws 1905, c. 489, § 1. It must be noted, therefore, that the express terms of this statute forbade the change of a principal office and place of business, unless this section was complied with, for the section expressly states that *"thereupon* the principal office and place of business of such corporation *shall be changed."*

The Business Corporation Law has been for the most part repealed by Laws 1923, c. 787, § 2, and many of the provisions incorporated in the new Stock Corporation Law. McKinney's Consolidated Laws, vol. 58, p. 12.

The above section 13 of the old Stock Corporation Law is now section 35 of the Stock Corporation Law of 1923, and provides in substance that a stock corporation may change the location of its office within the state, provided it complies with said section and files a certificate in the various offices of the county and the state. It would seem that if defendant, after 1909, failed to comply with these state statutes as to the change of its office, it could not legally make that change, and, if in violation of such state statutes it did make such change, this court must deem it estopped, pending compliance with the state statutes, from denying its "residence" in Nassau county, and deeming its "privilege" waived by its affording opportunity for service therein.

We still have a period of seven years (1902–1909) to cover. During this period we find, however, that there were express statutes requiring any such change to be made by executing and filing certificates. Laws of 1890, as amended. There are decisions by the state court (to which I shall refer) which might indicate that a corporation was not forbidden during this period from changing the location of its principal office under the Business Corporation Law without filing such certificate. This may even indicate that the words, already quoted, "shall be changed" (Laws 1909, supra), were inserted to meet such decisions.

In Uptegrove v. Schwarzwaelder, 61 N. Y. S. 623, 46 App. Div. 20 (1899), affirmed without opinion 60 N. E. 1121, 167 N. Y. 587, the majority opinion (referring to the Business Corporation Law) states: "Assuming that the corporation was incorporated under the Business Corporation Law, we have this provision that the certificate of incorporation shall contain the 'location of its principal business office.'" (In the motion now before me the certificate of incorpora-

tion expressly states the Business Corporation Law.)

"There is nothing in this act, nor is there any provision of law to which our attention has been called, that prohibits a corporation from changing the location of its business office, or which requires that the place at which the certificate of incorporation stated that its business was to be transacted should be considered its principal place of business, notwithstanding any change that, as a matter of fact, should take place. There is no prohibition as to an actual change of the locality at which it should transact the principal part of its business. If it became necessary or convenient for the corporation to change its principal business office from the county designated in the certificate to some other county because of the fact that the principal part of its business is transacted in the latter county and such a change was actually effected, there is no express statutory provision which makes the locality at which the corporation, as a fact, does no business, the place where the principal business office of the corporation must be located. If a corporation does business in two counties, one of which has been designated in a certificate of incorporation as the location of its principal office, and there has been no official change as to the locality of its business office, it has been held that the principal place of business remains at the place designated in the certificate of incorporation. People ex rel. Knick. Press v. Barker, 34 N. Y. S. 269, 87 Hun, 342; Western Transportation Co. v. Scheu, 19 N. Y. 410.

"What was said in those cases, however, related to the domicile of the corporation for the purpose of taxation, and there was no evidence that the corporation had, by any corporate act, or as a fact, changed its principal place of business. * * * A fair construction of this statute (section 30 of the Stock Corporation Law) would be that it referred to the business office of the corporation as a fact, and not to a business office that existed because of a presumption that arose in consequence of the insertion of a locality in the certificate of incorporation. It was found as a fact that this corporation, by a vote of its stockholders and directors, changed its principal business office to the city of New York (from Chichester, Ulster county), and as a fact that from that time forth its principal business office was there located. There is nothing in the statute regulating corporations which prohibits such

official action on behalf of the corporation. The corporation, acting through its stockholders and directors, as a matter of fact changed the place of its principal business office from Ulster county to New York. It was not prohibited from making such a change, and I can see no reason why such action should be held to be illegal or ineffectual to consummate a change which, as a matter of fact, had taken place. * * * It would seem to be a harsh rule to impose upon these directors a liability, when they complied with the statute according to its terms and filed their report at the locality where, as a matter of fact, their principal business office was located, because in their certificate of incorporation, filed years before, and before the corporation was organized and the necessities of the business of the corporation were understood, it had designated a different locality as that in which its principal office should be located." Uptegrove v. Schwarzwaelder, supra, pages 24 and 25 (61 N. Y. S. 631).

The dissenting opinion in the above case quotes with approval from the decision in People ex rel. Knick. Press Co. v. Barker, supra, as follows: "The policy of this state is to require corporations organized under its laws to have a fixed residence or domicile which is deemed to be where it has its principal office or principal place of business. * * * In case the statute under which a corporation is organized requires that its principal place of business, or its principal office, be designated in its certificate of organization, the statement is as against the corporation conclusive evidence of its residence, unless its residence has been changed pursuant to some statute."

I have quoted at some length from this decision for the reason that it is apparently the leading authority prior to the statute of 1909, and also for the reason that it was affirmed without opinion. 60 N. E. 1121, 167 N. Y. 587, supra. I have also quoted from the dissenting opinion of Mr. Justice O'Brien, for the reason that it must be noted that Justice Ingraham, in writing the majority opinion, apparently distinguished that case on the "facts" from one where a question of "domicile" or "residence" was concerned. On this motion it is a question of "domicile" or "residence."

Accordingly, if the view of the federal courts is to be that the "principal office" is one of "fact" (and this would seem reasonable), and while neither a corporation nor an individual can have two domiciles at the same time, it would seem equally reasonable, and not without authority, that in certain cases and for certain purposes, where domicile or residence is essential, that a corporation may be deemed to still retain its original "residence," because of noncompliance with the state statutes, by which it was created and exists, and until such statutes are complied with, and also that, by affording the opportunity for otherwise valid service to be made upon it at such place of "residence," it has waived its right to object to such service.

[10] There is a different reason why this motion should be denied. As I have stated, under the authorities in this district, plaintiff has made a prima facie case of residence of defendant at the place where it was served. Service of the summons was made on December 11, 1925. Defendant's affidavit, verified December 29, 1925, merely states that its office is in New York county, etc.; non constat, it had no office in this district at the time of service. There is nothing in the affidavit as to when it changed its office, nor any attempt made to show that it was changed pursuant to any state statute, or in accordance with law, and there has been nothing presented on this motion by defendant, so far as this burden of proof goes, to overcome the prima facie case of plaintiff.

I have, for the purpose of statement of the law, assumed the existence of certain facts; nevertheless the papers themselves must be deemed insufficient. While this is a technical motion, as both the courts of the Southern and Eastern districts are in the same city, with equal access to the attorneys in this case, and possibly the motive of the motion is delay, yet the defendant is of course within its rights in asserting its claim, and the decision of such claim, if not fairly considered, may be used in cases where hardship actually exists.

I may also add that it might seem the part of wisdom for plaintiff to discontinue, and serve defendant in New York county, where defendant not only claims to reside, but also indicates that its right to object to service would be waived, rather than risk the expense of a trial, with a possible judgment, based, as it would be, on a slender thread of right to serve defendant in Nassau county. However, I have decided the motion and am satisfied, for the reasons above mentioned, that defendant's motion must be denied.

[11] One more thing remains to be decided,

and this is as to the proper form of an order to show cause. This order to show cause is distinctly contrary to the practice of the state of New York. It objects to the service of the summons, and seeks to have it set aside, "upon the grounds and for the reasons stated in the affidavit." In other words, this requires both the adversary and the court to carefully read the affidavit, very possibly several affidavits, in order to determine what the ground of objection is. The state practice seems to be much better. This requires that any defect or irregularities claimed should be set forth in the notice of motion or order to show cause. Rule 62, Civil Practice Act, state of New York.

After consultation with my associates, I am authorized to say that we feel that in the future an order to show cause or notice of motion should clearly state the grounds of objection. The order to be entered herein, and settled on notice, should contain the extension of time for defendant to answer, agreed upon, and in the absence of such agreement the court will fix a time. Defendant's time to answer is already extended pending the entry of such order.

Motion denied.