THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE EDISON ELECTRIC LIGHT COMPANY, Respondent, *v.* EDWARD P. BARKER and Others, Commissioners of Taxes and Assessments of the City and County of New York, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE EDISON GENERAL ELECTRIC COMPANY, Respondent, *v.* EDWARD P. BARKER and Others, Commissioners of Taxes and Assessments of the City and County of New York, Appellants.

*Taxation — residence of a corporation — determined by the certificate of incorporation — the statement cannot be qualified.*

The General Manufacturing Act of 1848 (Chap. 40) and its amendments show a clear intent upon the part of the Legislature to require, in the certificate of the incorporation of a company, a statement of the location of the "principal office or place for transacting the financial concerns of the company," and this statement of the location of its principal office is conclusive evidence, as against the corporation, upon the question of its residence.

Where a certificate of incorporation states that the principal office of the company will be in the city of New York, and adds a clause, "or at such other place as the stockholders of the company might determine," the additional clause has no force, touching the residence of the corporation for the purposes of taxation, and must be treated as surplusage.

APPEAL by Edward P. Barker and others, as commissioners of taxes and assessments of the city and county of New York, from an

order of the Supreme Court, in the first above-entitled proceeding, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of April, 1895, which provides as follows :

"It is ordered and adjudged, that the proceeding and adjudication of the said commissioners, in regard to the assessment for taxation for the year 1894, of the relator, upon its personal property and capital stock, are wholly illegal and void, and that said proceedings and adjudication be and the same are hereby wholly reversed, vacated and set aside ; and it is further

" Ordered and adjudged, that the said assessment for taxation for the year 1894, against the relator, upon its personal property and capital stock, be and it is hereby wholly vacated and set aside, and it is hereby directed that the same be stricken from the assessment, and that the name of the relator, The Edison Electric Light Company, be stricken from the 'Annual Record of the Assessed Valuation of the Real and Personal Estate' in the city and county of New York ; and it is further

" Ordered, that any and all tax or taxes levied or assessed against the said relator upon, or based upon, said assessment of its personal property and capital stock, for the year 1894, be wholly vacated and set aside and stricken from the roll ; and it is further

" Ordered, that the said commissioners of taxes above named forthwith make and do all and every act or acts necessary for the complete carrying out of the provisions of this order.

" And it appearing that the tax upon the assessed valuation, so illegally and erroneously fixed, amounting to the sum of $2,241.19, including the one per cent penalty, was paid under protest by the said relator to the receiver of taxes on the 31st day of December, 1894 ; it is further

" Ordered and adjudged, that the said relator recover, and the mayor, aldermen and commonalty of the city of New York are hereby directed to pay unto the said relator, the sum of $2,241.19, with interest thereon from the 31st day of December, 1894 ; and it is further

" Ordered and adjudged, that unless otherwise paid or discharged, there be audited and allowed by the proper officers of the city and county of New York, and included in the annual tax levy of the

**596** PEOPLE ex rel. EDISON EL. CO. *v.* BARKER.

First Department, December Term, 1895.      [Vol. 91.

city and county of New York, to be made up next after the entry hereof, and paid to the relator, the Edison Electric Light Company, the sum of $2,241.19, with interest thereon from the 31st day of December, 1894, paid, as aforesaid, by the said relator upon said illegal and void assessment."

Also, an appeal by Edward P. Barker and others, as commissioners of taxes and assessments of the city and county of New York, from an order of the Supreme Court in the second above-entitled proceeding, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of April, 1895, which provides as follows:

" It is ordered and adjudged, that the proceedings and adjudication of the said commissioners in regard to the assessment for taxation for the year 1894, of the relator, upon its personal property and capital stock, are wholly illegal and void, and that said proceedings and adjudication be and the same are hereby wholly reversed, vacated and set aside ; and it is further

" Ordered and adjudged, that the said assessment for taxation for the year 1894, against the relator, upon its personal property and capital stock, be and it is hereby wholly vacated and set aside, and it is hereby directed that the same be stricken from the assessment and that the name of the relator, The Edison General Electric Company, be stricken from the 'Annual Record of the Assessed Valuation of the Real and Personal Estate' in the city and county of New York ; and it is further

" Ordered, that any and all tax or taxes levied or assessed against the said relator upon, or based upon, said assessment of its personal property and capital stock for the year 1894, be wholly vacated and set aside and stricken from the roll; and it is further

" Ordered, that the said commissioners of taxes above na..ned forthwith make and do all and every act or acts necessary for the complete carrying out of the provisions of this order.

" And it appearing that the tax upon the assessed valuation, so illegally and erroneously fixed, amounting to the sum of $9,605.10, including the one per cent penalty, was paid under protest by the said relator to the receiver of taxes on the 31st day of December, 1894, it is further

" Ordered and adjudged, that the said relator recover, and the mayor, aldermen and commonalty of the city of New York are hereby directed to pay unto the said relator the sum of $9,605.10, with interest thereon from the 31st day of December, 1894; and it is further

" Ordered and adjudged, that, unless otherwise paid or discharged, there be audited and allowed by the proper officers of the city and county of New York, and included in the annual tax levy of the city and county of New York, to be made up next after the entry hereof, and paid to the relator, The Edison General Electric Company, the sum of $9,605.10, with interest thereon from the 31st day of December, 1894, paid, as aforesaid, by the said relator upon said illegal and void assessment."

*James M. Ward,* for the appellants.

*William B. Putney* and *Henry B. Twombley,* for the respondents.

O'BRIEN, J.:

As the questions involved in both the above-entitled proceedings are the same, except as to amounts, they may be considered together.

It is conceded that in the case of the Edison General Electric Company the assessment should be reduced to the valuation shown by the statement presented to the tax commissioners, viz., $240,275; and that in the case of the Edison Electric Light Company the assessment must be reduced to the valuation shown by a similar statement to $7,820. This leaves the only question in these proceedings one of residence.

The relators claimed below that on the second Monday of January, 1894, they were and still are non-residents of the city of New York, and, therefore, that the tax commissioners have no jurisdiction over them, and that the assessments were illegal and void. In disposing of this contention favorably to the relators, the learned judge, at Special Term, held that this principle was controlled by his opinion in the case of *The People ex rel. The General Electric Company* v. *Barker,*\* which, as affirmed, is herewith handed down. We think, however, there is a distinction between the General Electric case and that of these relators, growing out of the difference connected with their incorporation. The General Electric Company

---

\* See *ante,* page 590.

was incorporated by a special act of the Legislature, and was empowered by such act to fix its residence by its by-laws, which was done, its principal place of business being thereby placed in the city and county of Schenectady, where the business of the company on the second Monday of January, 1894, was and continuously ever since has been principally carried on.  These relators here, however, are manufacturing corporations created under the general act of 1848 (Chap. 40), as amended; the last of these amendments being embodied in the Corporation Law of 1892 (Chap. 687), the provisions of which, so far as they relate to the incorporation of the relators, being found in chapter 691 of the Laws of that year.

In the original act of 1848 the provision was that the certificate of incorporation should state " the names of the town and county in which the operations of the said company are to be carried on." By the Laws of 1892 (Chap. 691, § 2) it is provided that the certificate, among other things, shall contain " the location of its principal business office."  These relators, in accordance with what they regarded as, and what was, the law, fixed their status in their certificate, and as shown by the return of the tax commissioners, which is not disputed, " the town and county so recited in the said certificate was the city of New York, and no other place whatever, save only that the said certificate of the relator attempted to qualify the recital as to its principal office contained in said certificate by reciting that the principal office of the company would be in the city of New York, or at such other place as the stockholders of the company might determine."  Were it not for the last sentence, which recited that the principal office might not only be in the city of New York, but also at such other place as the stockholders of the company might determine, there would be no room for argument as to the conclusion to be reached by this court, in view of its decision in the case of The People ex rel. Knickerbocker Press Co. v. Barker (87 Hun, 341; affd., 148 N. Y. 2), which is authority for the proposition that in case a statute under which a corporation is organized requires that its principal place of business or its principal office shall be designated in its certificate of organization, the statement in the certificate in respect thereto is, as against the corporation, conclusive evidence of its residence, unless its residence has been changed pursuant to some statute.  It is not claimed that a change was effected by any statute,

nor have we been referred to any statute which gives the right to a corporation on filing its certificate to qualify the statement which the law requires as to its designating its principal place of business, and, we think, therefore, that this must be treated as surplusage, and that the corporations must be held by their certificates to have designated their residence as New York city.

It has been urged that the position of the relators is to be distinguished from the *Knickerbocker Press Company* case, in that the latter corporation filed its certificate and designated its place of business pursuant to an express requirement of the statute, which with regard to business corporations such as the relators it is claimed is wanting. We think, however, that an examination of the original act of 1848 and the amendments shows a clear intent on the part of the Legislature to require in the certificate of incorporation a statement of the "principal office or place for transacting the financial concerns of the company."

As upon this question of residence, we think the *Knickerbocker Press Company* case is in principle controlling; the assessments should be modified as to the amounts indicated in this opinion, and as so modified the orders should be affirmed, without costs to either party upon this appeal.

Van Brunt, P. J., and Follett, J., concurred.

Orders modified as directed in opinion and affirmed as modified, without costs to either party.