whom he supports in luxury. However that may be, this application cannot be answered by affidavits showing that defendant is unable to make the payments. To procure relief upon that ground, he can move to be released from imprisonment. Ryckman v. Ryckman, 34 Hun,. 235. He cannot show in opposition to this motion to punish for contempt that his pecuniary circumstances are such as to render him unable to pay the moneys required to be paid. Strobridge v. Strobridge, 21 Hun, 288. The plaintiff appears to have followed the proceedings indicated by the statute, and I see no sufficient reason for denying this motion. Application granted.

Motion granted.

(35 Misc. Rep. 337.)

### O'BEIRNE v. MILLER.

(Supreme Court, Special Term, New York County. June, 1901.)

1. PLACE OF TRIAL—CONVENIENCE OF WITNESSES.
    A motion to change the place of trial of an action for the convenience of witnesses is addressed to the discretion of the court.

2. SAME—CONSIDERATIONS.
    On motion to change the place of trial for the convenience of witnesses, relative accessibility, to all the witnesses, of the courts in which plaintiff and defendant, respectively, wish to try the case, must be considered, and not merely the fact that defendant swears to the greater number of witnesses.

Action by James R. O'Beirne against Edward I. Miller. Motion for change of place of trial denied.

F. L. Eckerson, for the motion.
George E. Waldo, opposed.

GILDERSLEEVE, J. While the plaintiff was a candidate for congress in the Richmond county district the defendant published in a Richmond county newspaper an alleged libel. The plaintiff brought this action for damages, and laid the venue in New York county, of which county plaintiff is a resident. The defendant makes this motion to change the place of trial to Richmond county,. where the cause of action arose, on the ground of convenience of witnesses. The defendant shows that he himself and 18 witnesses by whom he hopes to establish his defense live in Richmond county. The plaintiff, on the other hand, shows that he himself and one of his witnesses live in New York, and that another lives in Greenwich, Conn., and that it would be very inconvenient for them to go to the village of Richmond, Staten Island; where the Richmond county court house is situated. He also seeks to show that, by reason of its comparative inaccessibility, the village of Richmond is less convenient, even to the majority of the defendant's witnesses,. than is New York. He further claims that the testimony of some of defendant's 18 witnesses will be merely cumulative, and not essential to defendant at the trial. Still further does his counsel go in suggesting that a fairer trial could be had in New York than in Richmond, by reason of the fact that the libel was published in that county, and the vast majority of the readers of the libel live

there. It is also suggested that the defendant enjoys considerable influence in Staten Island, and might be at an advantage before a jury of residents of Richmond county. However that may be, the main question for me to determine is the convenience of the witnesses as disclosed by the affidavits on this motion. The elaborate affidavit of plaintiff's witness Jesse C. Schenck, a real-estate appraiser, makes out a strong case in support of the claim that New York is more accessible and convenient to a large majority of defendant's own witnesses, who live "along the northerly edge of Staten Island," than is Richmond, "an interior town, located in the central portion of the island, and off the line of the steam railroad." This affidavit is corroborated by that of the plaintiff himself, who swears that he has traveled much through the county of Richmond. These allegations as to the relative accessibility of New York and Richmond for defendant's witnesses are apparently uncontradicted, and defendant seems to rest his claim as to the convenience of witnesses simply upon the fact that 18 witnesses live in Richmond county. I am inclined to think, in view of the facts disclosed by the affidavits before me, that the ends of justice will be best promoted by denying this application for a change of venue. It is within the discretion of the court to grant or refuse applications of this kind, and in the case at bar I think a wise exercise of that discretionary power calls for a refusal. Motion denied. No costs.

Motion denied. No costs.