(45 Misc. 358)

### SOUTH AMBOY TERRA COTTA CO. v. POERSCHKE.

(Supreme Court, Appellate Term. November 10, 1904.)

1. FOREIGN CORPORATIONS—RIGHT TO SUE—COMPLIANCE WITH STATE LAW.
    A foreign corporation doing business in New York, and having a regular place of business there, at which its directors met, and its books and most of its money were kept, and at which contracts and payments were made, cannot maintain a suit on a contract made in New York prior to compliance with Gen. Corp. Law, § 15, as amended by Laws 1901, p. 1326,

c. 538, declaring that no foreign corporation shall maintain any action on any contract made in the state unless, before making it, it shall have procured a certificate from the Secretary of State, and the fact that it obtained the certificate before the commencement of the suit was insufficient.

Appeal from City Court of New York.

Action by the South Amboy Terra Cotta Company against Edward R. Poerschke. From a judgment for plaintiff entered on a verdict directed by the court, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-GERALD, JJ.

W. R. Hill, for appellant.

Frank M. Avery and Henry W. Eaton, for respondent.

PER CURIAM. The appellant raises but one point, viz., that the complaint should have been dismissed because the plaintiff, a foreign corporation, at the time of the making of the contract sued upon, which was made in this state, was doing business in this state without having complied with section 15 of the general corporation law of this state (Laws 1892, p. 1805, c. 687), which provides that such a corporation as the plaintiff is shall not do business in this state without having first procured from the Secretary of State a certificate for that purpose, and that it shall not maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate. Upon proof that, although the plaintiff had not obtained the certificate in question at the time the contract was made, it had obtained it before the commencement of the action, the trial justice directed a verdict in favor of the plaintiff. This ruling was in accordance with the strict construction of the act by the courts prior to its amendment by chapter 538, p. 1326, of the Laws of 1901, when the Legislature inserted the words "unless prior to the making of such contract it shall have procured such certificate." In fact, however, the trial justice made the said ruling in reliance upon the case of Dumbarton Flax Spinning Co. v. Greenwich & Johnsonville Ry. Co., 87 App. Div. 21, 83 N. Y. Supp. 1054. That case, it is true, was decided since the amendment of the statute in 1901; but an examination of it shows that it was not a contract made within this state, but an action in equity to compel the defendant to remove a bridge, piers, and embankment erected by it on the stream below plaintiff's mill, because those structures interfered with the flow of the stream, and caused the water and ice to flow back upon plaintiff's property, destroying it, and interfering with the operation of its mill and the carrying on of its business, to its damage in a considerable amount. It also shows that the case decided but one point, viz., that the provisions of the tax law (section 181, as amended by Laws 1901, p. 1364, c. 558) requiring the payment of a tax to the state within 13 months after beginning business in this state concern the people of the state and the corporation alone. The said case therefore has no application here. There are also a number of other cases—as, for in-

stance, Tallapoosa Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432; Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Cummer Lumber Co. v. Associated Mfrs.' Ins. Co., 67 App. Div. 151, 73 N. Y. Supp. 668; Penn Collieries Co. v. McKeever, 93 App. Div. 303, 87 N. Y. Supp. 869—in which the foreign corporation was permitted to recover because what it did in this state did not amount to doing business in this state, within the meaning of section 15, c. 538, p. 1326, Laws 1901. These cases do not avail the plaintiff here, for the proof is clear that it did business in the state of New York at the time the contract sued upon was made. The evidence shows that it had a regular place of business in the city of New York, at which its directors met and its books were kept, at which contracts and payments were made, and that the greater portion of its moneys was deposited in a bank in this city. The case at bar falls squarely within the decision of the recent case of Welsbach Co. v. Norwich Gas & Electric Co., 96 App. Div. 52–54, 89 N. Y. Supp. 284, to the effect that the legislative intent that the procurement of the required certificate before the contract was made shall be a condition precedent to maintaining an action thereon is as plain as any language could make it, and that a contract made before the certificate was procured is made incapable of enforcement. In the result of this case, Justice Houghton, who had written the opinion of the court in Dumbarton Flax Spinning Co. v. Greenwich & Johnsonville Ry. Co., supra, concurred. The direction of a verdict in favor of the plaintiff was therefore erroneous.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

