NORTHWAY HOLDING COMPANY, INC., Plaintiff, *v.* ALICE A. PARKER, Defendant.

(Supreme Court, Tioga Special Term, December, 1920.)

**Landlord and tenant — action by corporation landlord for rent of an apartment in the city of New York — motion to change place of trial from county of plaintiff's residence to New York county granted as matter of right — motion to change venue for convenience of witnesses not waived by former motion.**

Justice is not promoted by permitting a landlord, incorporated to own and rent a building in the city of New York, to bring an action for a small amount of rent in a county wherein it claims a residence remote from the county where the leasing was made, and in which all persons interested and their necessary witnesses have their actual residence and may easily resort to the courts.

Supreme Court, December, 1920. [Vol. 114.

Where in an action brought by such a landlord to recover rent for an apartment in the city of New York for the months of October and November, 1920, under a written lease entered into on September 20, 1920, the answer pleads the defenses permitted by chapter 944 of the Laws of 1920 which went into effect September 27, 1920, and it is plainly apparent that the venue, as laid, was to vex the defendant and make difficult her opportunity for defense, her motion to change the place of trial to the county of New York will be granted as a matter of right.

The defendant in demanding that the venue be changed as a matter of right did not thereby waive her right to make a motion to change the place of trial on the ground that the conveniences of witnesses and the ends of justice would be promoted.

MOTION by defendant to change place of trial.

Thomas P. McCormick, for motion.

Bond & Babson, opposed.

DAVIS, J. The defendant is moving to change the place of trial from Tioga county to New York county.

The plaintiff has brought this action to recover rent for the months of October and November, 1920, due, as it claims, under a written lease entered into between the parties September twentieth preceding, for the rent of an apartment. The defendant, availing herself of the defenses permitted by chapter 944 of the Laws of 1920, which became a law September twenty-seventh, alleges that the rent has been increased from $166.67 per month the preceding year, to $250 per month, and that the rent accruing under the agreement is unjust and unreasonable, and that the agreement is oppressive.

The plaintiff, a corporation, has stated in its certificate of incorporation that its principal office and place of business is in the village of Owego, Tioga county,

and claims its residence there. The apartment in question is situated in the city of New York; the defendant resides in the city of New York, and the main office from which the officers of the plaintiff transact all their business is in that city. The plaintiff has a nominal office in the village of Owego in an office occupied by a firm of attorneys, one of whom has been formally appointed agent in charge of the office of defendant, upon whom process may be served. It does not appear that this agent has any particular duties to perform. No officer, director or stockholder resides in the village of Owego or county of Tioga, nor does it own any property or transact any business there. It says that it pays taxes in Tioga county. It would be interesting to know how much tax it pays, in the absence of any property interest in that county, and by whom it is expected to be sued, so process could there be served on its agent in its office, but the plaintiff's affidavits are discreetly silent on these subjects.

This residence is, of course, merely nominal and fictitious. The plaintiff, in designating the location of its principal office in its certificate of incorporation, evidently relied on decisions of the courts to the effect that the residence of corporations, for the purpose of taxation and in the bringing of actions by or against a corporation in good faith, is deemed to be in the county named in the certificate of incorporation as containing its principal office. See *Oswego Starch Factory Co.* v. *Dolloway,* 21 N. Y. 449; *People ex rel. Knick. Press* v. *Barker,* 87 Hun, 341; *Rossie Iron Works* v. *Westbrook,* 59 id. 345; *General Baking Co.* v. *Daniell,* 181 App. Div. 501.

The purpose of the plaintiff, in view of the facts stated, is obvious, to wit: it has established a nominal residence in a county far distant from New York city

where it owns its property and transacts its business of renting apartments to tenants, so that in bringing actions for small amounts due for rent, it may compel tenants to be at great inconvenience and expense in making their defenses to any claim, however exorbitant, made by the landlord.

In the decisions to which I have referred, the courts were not dealing with a situation such as is presented here. They were dealing with corporations which had, in apparent good faith and for some legitimate purpose, established their office and principal place of business in one locality and had thereafter engaged in some line of manufacturing or mercantile business having large executive offices elsewhere. There is a vast difference between a *bona fide* residence and one established solely for bringing suits in the county of such residence on causes of action which arose, where the defendants reside, in a distant county. I should not, therefore, feel bound by such decisions which may readily be distinguished in principle from the case under consideration, if it were thereby necessary to defeat the plain and apparent purpose of the plaintiff to harass and annoy its tenants and to prevent the defendant and others similarly situated from having a fair day in court; or if this was the only legal question involved in this controversy and its determination was necessary for the maintenance of the rights of the defendant. Such practices of using apparently legal means for an illegitimate and unworthy purpose are not to be encouraged, but rather to be discouraged by the courts.

But there is also presented another question on the motion and that is whether the place of trial should be changed for the convenience of witnesses and to promote the ends of justice.

The defendant by statute is given the benefit of

certain defenses. She says she has necessary and material witnesses residing in the city of New York to maintain them. I can neither on this practice motion anticipate the result of a motion for judgment on the pleadings, which plaintiff's attorney says he has made, nor declare unconstitutional the statute on which defendant relies for her defense.

The ends of justice are not promoted by permitting the plaintiff, incorporated to own and rent a building in New York city, to bring an action for a small amount of rent, in a county wherein it claims residence remote from the county where the contract was made and in which all persons interested and their necessary witnesses have their actual residence, and may easily resort to the courts. That the reason for laying the venue in Tioga county was to vex the defendant and make difficult her opportunity for defense is plain and apparent, and the court cannot give to the scheme any countenance or approval. The action should be tried where the cause of action arose. *Spanedda* v. *Murphy,* 144 App. Div. 58; *Navratil* v. *Bohm,* 26 id. 460; *O'Beirne* v. *Miller,* 35 Misc. Rep. 337; General Rules of Practice, 48.

The defendant in demanding that the venue be changed as a matter of right, did not thereby waive any right to apply on other grounds. No demand was necessary preliminary to a motion to change the place of trial on the ground that the convenience of witnesses and the ends of justice will be promoted. *Larkin* v. *Watson Wagon Co.,* 68 App. Div. 86; 2 Rumsey Pr. (2d ed.) 143. For the reasons stated the motion will be granted, with ten dollars costs.

Motion granted, with ten dollars costs.