FOREMAN & CLARK MANUFACTURING Co., INC., Plaintiff, v. ELIZABETH M. BARTLE, Defendant.

Supreme Court, Albany County, July 15, 1925.

Corporations — foreign corporations — action by plaintiff, foreign corporation, on lease of defendant's premises — lease executed within State by plaintiff prior to time of procuring certificate to do business as required by General Corporation Law, § 15 (now Stock Corporation Law of 1923, § 110) — lease deemed made as incident to business of plaintiff corporation — plaintiff not entitled to sue thereon — complaint dismissed.

Plaintiff, a foreign corporation, was doing business in this State within the meaning of section 15 of the General Corporation Law (now section 110 of the Stock Corporation Law of 1923), where it maintained its principal office within the State and conducted within the State a factory for the manufacture of certain commodities.

Consequently, it is not entitled to sue upon a lease, executed within the State, of premises used for the manufacture of its products where it had failed to obtain, prior to the execution of said lease, a certificate to do business under section 15 of the General Corporation Law.

Moreover, the lease was made as an incident to the business of the corporation within the State and defendant is entitled to a judgment dismissing the complaint.

MOTION by plaintiff for judgment on dismissal of counterclaim and motion by defendant for dismissal of complaint.

*Tobin, Wiswall, Walton & Wood,* for the plaintiff.

*Frederick C. Claessens* [*Louis J. Rezzemini* and *Woollard & Cogan* of counsel], for the defendant.

COFFEY, J.:

This is an action on a lease of premises situate in the city of Watervliet, N. Y. The defendant was the lessor and the plaintiff was the lessee. The plaintiff alleges in its complaint that it " is a foreign corporation duly organized and created under and by virtue of the laws of the State of Delaware," and that it " duly procured from the Secretary of State of the State of New York a certificate as provided by section 15 of the General Corporation Law (now Stock Corporation Law of 1923, § 110) and has duly complied with all the requirements of law to authorize it to do business in the State and that the business is such as may be lawfully carried on by a corporation incorporated under the laws of this State for such or similar business." It is unnecessary to state the cause of action which the plaintiff alleges. The defendant denies the allegations quoted, and sets up a counterclaim. At the trial of

the action the plaintiff moved that the counterclaim be dismissed. The motion was granted. The plaintiff then moved for judgment, and the defendant moved that the complaint be dismissed. Those motions are now to be decided.

Section 15 of the General Corporation Law (now section 110 of the Stock Corporation Law of 1923) provided: " No foreign stock corporation * * * shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, * * *. No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate." The fulfilling of the requirements of that section is a condition precedent to the right of a foreign stock corporation lawfully to do business in this State. The procuring of the certificate must precede the transaction of business or the contracts of the corporation are not lawful; and compliance with the section should be alleged and proved by a plaintiff in order to establish a cause of action in the courts of this State. (*Wood & Selick* v. *Ball,* 190 N. Y. 217.)

The plaintiff alleges that it is a foreign corporation. It is to be presumed that it is a foreign stock corporation. (*Portland Co.* v. *Hall & Grant Construction Co.,* 123 App. Div. 495.) Not only the nature of its business but the fact that it has obtained the certificate required by section 15 of the General Corporation Law would lead to that conclusion. It alleges that it procured the required certificate. It does not allege that it had obtained the certificate prior to the making of the lease which is the subject of this litigation. The fact is that it did not obtain the certificate until sometime later. It is not sufficient to procure the certificate prior to the commencement of the action. (*South Amboy Terra Cotta Co.* v. *Poerschke,* 45 Misc. 358.) It now advances the claim that there is no proof that at the time of the making of the contract of lease it was " doing business " in this State, and that neither the making of the lease, nor the maintaining an office in this State, nor the manufacture of overcoats on the leased premises constituted " doing business " in this State. It cannot be gainsaid that the doing of any of those things, nor all of them, might not be sufficient upon which to predicate a conclusion that the corporation was doing business in this State.

But the lease itself recites that it was made between Elizabeth M. Bartle and " Foreman & Clark Mfg. Co., a corporation organized and existing under and by virtue of the laws of the State of Dela-

ware, having its principal office at #85 Fifth Avenue in the City of New York, County and State of New York." It will be observed by the recital that the plaintiff had " its *principal office * * * in the City of New York.*"

Now, " principal office " is synonymous with " principal place of business." (*People ex rel. Knickerbocker Press* v. *Barker,* 87 Hun, 341.) " A corporation's principal office is the place where the principal affairs, business and otherwise, of the company are transacted." (6 Words & Phrases, 5559.) If then, the principal office, *i. e.,* the principal place of business, was in New York city when the lease was made, it must be presumed, in the absence of evidence to the contrary, that it was " doing business " in this State at the time. And the language of the complaint would justify the inference that plaintiff as a foreign stock corporation sought to establish its right to sue on the contract of lease by alleging that it had complied with the conditions precedent to the lawful transaction of business in this State. It would seem from the testimony of the assistant treasurer of plaintiff that the financial affairs of the corporation were conducted in the city of New York.

Assuming that the plaintiff was doing business in this State, is the contract of lease such a contract which the statute contemplates cannot be enforced nor sued upon by reason of the failure of the corporation to obtain the required certificate before it made the contract?

Although the statute reads that " No foreign stock corporation doing business in this state shall maintain any action in this State upon *any* contract made by it in this state * * * " it has been held that where the contract was outside the business of the corporation or where it was unilateral and the corporation was to do nothing in respect of its performance an action could be maintained on it, although the corporation had not obtained the certificate required by section 15. (*Commercial Coal & Ice Co.* v. *Polhemus, Nos. 1 & 2,* 128 App. Div. 247; *Tallapoosa Lumber Co.* v. *Holbert,* 5 id. 559.)

I am of the opinion that this was a New York contract. The lessor resided here, the lessee had its principal place of business here, the subject-matter of the contract was here, the contract was to be performed here, and the acknowledgments to its execution were taken here. The rights of the parties are undoubtedly governed by the law of the State where the demised premises are situated. (*Galland* v. *Shubert Theatrical Co.,* 105 Misc. 185, 191.) The contract was bilateral, and was made by plaintiff as an incident to and connected with the business of the corporation. The leased premises were to be used, and were used, in the business

of plaintiff, to wit, in the manufacture of overcoats.    (*Commercial Coal & Ice Co.* v. *Polhemus, Nos. 1 & 2, supra.*)

It thus appears that plaintiff was doing business in this State, that the contract was a New York State contract, that it was made as an incident to the business of the corporation, and was to be performed in this State, and that at the time of the making of the contract the plaintiff had not procured the certificate required by section 15 of the General Corporation Law.    It follows that plaintiff had no right to sue on the contract, and the motion for judgment is denied.    The motion of defendant for a dismissal of the complaint is granted.

Judgment may be entered accordingly.