Glenn C. BARNES, Appellant,

v.

Morton M. Z. LYNN, Trustee,
Appellee.

No. 286, Docket 23266.

United States Court of Appeals
Second Circuit.

Argued April 6, 1955.

Decided April 27, 1955.

Gerald H. Henley, Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y., for appellant.

George J. Hatt, II, Albany, N. Y., for appellee.

Before HAND, SWAN and HINCKS, Circuit Judges.

PER CURIAM.

Bankrupt is a New York stock corporation, carrying on its business in the city of Albany, which, however, in its certificate of incorporation declared that its principal office was located "on Court Street Road, Syracuse, Onondaga County." On November 15, 1950 it executed to the petitioner a chattel mortgage covering all its assets, a copy of which he filed in the Albany County Clerk's office on December 21. He, with his wife and one other person, owned all the shares of stock in the bankrupt and he had managed the company; but on November 10th he had transferred all his shares to another corporation, which pledged them back to him as additional security for the bankrupt's debts. The only question is whether the mortgage was filed in the place required by § 232 of the Lien Law of New York, McK.Consol. Laws, c. 33. "Court Street Road," the place designated as the principal office of the corporation, is in the town of De Witt, just outside the city line of Syracuse.

The New York Court of Appeals in People ex rel. Knickerbocker Press v. Barker, 147 N.Y. 715, 42 N.E. 725, affirmed on the opinion below an order of the General Term for the First Department, 87 Hun 341, 34 N.Y.S. 269, that appears to us conclusive of the question here at issue. The case came up upon appeal from an order of the Special Term upon a certiorari to review a tax assessment of a corporation organized under the Business Corporation Law. The tax had been assessed in the City of New York, of which the corporation alleged that it was not a resident which, if true, made the assessment invalid. In its certificate of incorporation the corporation had declared that New York was its "principal business office," although all its business went on in Westchester County. The court held that the terms "principal office" and "principal place of business" were synonymous, and that, 87 Hun at page 342, 34 N.Y.S. at page 270, "in case the statute under which a corporation is organized requires that its principal place of business or its principal office be designated in its certificate of organization, the statement is as against the corporation conclusive evidence of its residence unless its residence has been changed pursuant to some statute." That decision was indeed in a tax case, and, as we have said, construed the Business Corporation Law; but we see no reason to distinguish it from § 5 (5) of the Stock Corporation Law, McK. Consol.Laws, c. 59, which provides that the certificate shall state "the city, village or town and the county, within the state, in which the office of the corporation is to be located." We cannot believe that there is any difference between "the office" of a corporation in one statute and "principal office" in the other, both being so closely in pari materia.

The question remains whether § 232 of the Lien Law means the "office" or "principal office" of a corporation when it says that the mortgage shall be filed "in the town or city where the mortgagor * * * resides at the time of the execution." It is of course conceivable that in this act the word, "resides" might mean the place where most of the corporation's affairs were conducted; but the petitioner does not cite any authority that would justify this divergence of interpretation. Moreover, as the appellee argues, it is some confirmation of this view that, when the mortgaged chattels are in New York City, as distinguished from some other location in the State of New York § 232 provides that the mortgage must be filed "where the mortgagor * * * alleges" (sic) "to reside * * * and also in the county where the property is situated." This shows that, at least when the act meant to make the locus in quo of the chattels a determinant, it said so.

The appellant says that, since "Court Street Road" is not in Syracuse, the certificate stated no "office"; but, as a matter of interpretation we should doubt that that would be right. However, if it would be, it is hard to see how that would help the petitioner; for, whether the corporation's residence was in the town of De Witt or the City of Syracuse, or in neither, at least it was not in Albany. The hardship of this result is sensibly mitigated by the fact that the petitioner had been the owner of substantially all the bankrupt's shares until five days before the mortgage was executed, and that all the meetings of shareholders had theretofore been in "Court Street Road." Surely it would be a confusing, if not unworkable, test to take the place where the greater part of the corporate business went on; nor would the locus in quo of the chattels be desirable either, for that is apt to change.

Order affirmed.