Lloyd I. Herzka, J.
A jury has awarded plaintiff the sum of $1,700, representing the value of an automobile improperly seized by the defendant pursuant to a conditional sales contract executed by one of plaintiff’s predecessors in title, and has also awarded plaintiff the sum of $3,000 for exemplary damages as a result of the wrongful seizure and detention of the car. No objection has been made by defendant with respect to the jury’s verdict on the first cause of action. The defendant, however, has moved to set aside the verdict for punitive damages on the ground of excessiveness, and that the verdict is against the weight of the evidence.
*1080 The facts are as follows: In July of 1956 plaintiff purchased a used car without knowledge that a previous owner of the car had executed a conditional sales contract. The maker of the conditional sales contract set forth the address to be 453 Woodward Avenue, Brooklyn, New York. Actually 453 Woodward Avenue is in Queens County and the conditional sales contract should have been filed in that county. The defendant filed the contract erroneously in Kings County, therefore the filing was ineffective and the conditional sales contract was void (Personal Property Law, § 65).
Plaintiff was a purchaser in good faith for value without knowledge that a conditional sales contract had been executed with regard to the car. On February 13, 1957 plaintiff parked his car a few doors from his house. The next morning the car was missing. After reporting the car stolen, plaintiff learned that the defendant had seized the car. On February 15 he visited the office of defendant and was told that it had a mortgage on the car. The defendant’s employee refused to comply with the demand for the return of the automobile. A further demand was made in writing and a summons and complaint were served. There is some dispute whether the defendant offered to return the car on March 1. The plaintiff testified that the first offer to return was made four to six weeks after the seizure. He further testified that he never was offered the car prior to the 18th of March, 1957, or until after the institution of this action.
Where there has been a wrongful and willful taking or detention of property coupled with a malicious intention to deprive a party of his interest in the property, the plaintiff may not only recover actual damages sustained for conversion but, in addition, exemplary damages. The purpose of an award for punitive or exemplary damages is not only to compensate for harm suffered by. a plaintiff, but it may reflect punishment of the wrongdoer for the past event. It is also intended to deter a tort-feasor from a repetition of the wrongful act. The extent of the damages is for the jury to determine in the exercise of sound discretion. That does not mean, however, that a jury may arbitrarily or capriciously fix an amount.
Discretion is a liberty or privilege to decide and act in accordance with what is fair and equitable under the peculiar circumstances of the particular case, guided by the spirit and principles of the law. Despite a reluctance to interfere with the findings of a jury or to usurp its functions, where the verdict is patently exorbitant, it should be reduced by the Trial Judge.
*1081 Here the defendant cannot be charged with maliciously seizing the car. In executing the conditional sales contract the makers thereof stated their address to be in Brooklyn. Ordinary prudence did not require the defendant to make further inquiry as to the geographical location of the makers’ residence before filing the contract in Kangs County.
However, the defendant persisted in its refusal to return the car after a demand therefor was made and after the summons and complaint were served. It became obligated to make further inquiry. By delaying its inquiry and in retaining the car for a period of at least a month, defendant acted with such indifference and disregard of the rights of plaintiff that it amounts to reckless and wanton conduct establishing malice. The failure to act expeditiously in order to determine the true facts warranted a punitive verdict by the jury. There is a justifiable implication inherent in the verdict that such conduct was unreasonable under the circumstances of this case.
While there is no precise way of determining the assessment of punitive damages or estimating with arithmetical accuracy the extent of plaintiff’s injury as a result of the wrongful detention, it does not follow that the court has no power to interfere with the jury’s verdict if the award was based upon prejudice, partiality, or is unreasonably disproportionate to the injury sustained by the plaintiff. In the opinion of the court, the sum of $3,000 for exemplary damages is excessive.
The motion to set aside the verdict and for a new trial with respect to the second cause of action is granted unless plaintiff stipulates within 10 days after service of a copy of the order to be entered herein in accordance with the terms of this decision, to reduce the amount of said verdict to $1,500.
Settle order on notice.