ASSOCIATES DISCOUNT CORPORATION, Appellant-Respondent, *v.* THEODORE HUNT et al., Defendants; JEROME H. KENT, Respondent, and LOCKWOOD MOTORS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. KING CADILLAC-OLDSMOBILE, INC., Third-Party Defendant-Respondent.

First Department, May 4, 1965.

*Samuel Schwartz* of counsel (*Rood & Schwartz,* attorneys), for appellant-respondent.

*Jacob E. Heller* of counsel (*Sidney Glasser,* attorney), for Jerome H. Kent, respondent.

*Bernard G. Gordon* for Lockwood Motors, Inc., respondent-appellant.

*Robert Siegel* of counsel (*Gordon, Gordon & Siegel,* attorneys), for King Cadillac-Oldsmobile, Inc., respondent.

STEUER, J.  On August 8, 1962, King Cadillac-Oldsmobile, Inc., (herein King) sold an automobile to one Hunt, named as a defendant but not served in the action.  Hunt executed a conditional sales contract with the usual provisions that title was to remain in the seller until all installments were paid.  King assigned this contract to plaintiff.  Plaintiff filed the contract in the office of the Town Clerk of Niskayuna, the town in which Hunt resided.  Hunt, in breach of the terms of his contract, sold the car to defendant Kent and he sold it to defendant Lockwood Motors, Inc., who in turn sold it to one Pellegrino.

It further appears that when King sold the automobile to Hunt it made out a motor vehicle registration form for Hunt.  In this registration Hunt's address is given as 1149 South Country Club Drive, Schenectady, New York.  As a mailing address this is correct, as the Town of Niskayuna has no post office and mail sent to its residents is directed to the post office at Schenectady, from which it is delivered.  When Kent bought the car from Hunt he assumed that Hunt's residence was in

Schenectady and made a search in the County Clerk's office in Schenectady County.* The search, of course, revealed nothing.

A conditional sales contract is valid against a bona fide purchaser if filed within 10 days (Personal Property Law, § 65). The place of filing is " the office of the city or town clerk in the city or town in which the buyer resides " (Personal Property Law, § 66). Both of these statutes are in derogation of the common law in the sense that they limit the title, good against the world, that the seller had at common law (*Baker* v. *Hull*, 250 N. Y. 484). By indisputable cannons of interpretation, the limitation can go no further than the express restriction of the statute. Once there is filing in accord with the statute, there is no limitation on the seller's title. That there was a filing in accord with the statute is undisputed.

Defendants claim, however, that the motor vehicle registration in some way changes this. Firstly, there is nothing in the statute which in any way makes the place of filing dependent on anything in the registration, nor can anything in the registration serve to change the statutory direction as to where the conditional sales contract should be filed. Conversely, if the seller filed the contract in Schenectady, a city in which the buyer did not reside, he would gain nothing by such filing, assuming that the Clerk in that city would accept it for filing. Defendants, however, insist that they have rights, perhaps in the nature of a setoff or counterclaim, due to what they claim to be a misrepresentation or mistake in the registration. If there was a misrepresentation, it was by King, and plaintiff's title would in no way be affected by it (*Associates Discount Corp.* v. *Davis Motor Sales*, 275 App. Div. 745). But it appears that there was neither mistake nor misrepresentation. It is quite clear that the registration calls for the mailing address of the buyer who becomes the new registrant. This is made plain because the blank calls for his postal zone number. This information is set out correctly. There is neither mistake nor misrepresentation.

Plaintiff not only did what it was entitled to do but the only thing it could do to protect its title. Having done so, there is no obstacle to its recovery. No question has been raised as to the value of the automobile at the time of sale being in excess of the balance due as demanded in the complaint. Defendant Lockwood has cross-claimed against defendants Kent and King. This defendant had no dealings with King and is a stranger to it. As regards defendant Kent, the situation is different. Kent represented that he had a good title and Lockwood's liability to

---

* It appears that there is but one office for City Clerk of the City of Schenectady and County Clerk for the county of the same name.

plaintiff stems from that representation. Kent made no defense to this cross claim.

The order should be modified on the law to the extent that it denies summary judgment to plaintiff and further denies third-party plaintiff's cross motion against third-party defendant Kent, and these motions should be granted, with one bill of costs to plaintiff against all defendants served and costs to third-party plaintiff against third-party defendant Kent, and with costs to third-party defendant King against third-party plaintiff Lockwood and, as so modified, affirmed, without costs.

RABIN, J. P., McNALLY and STEVENS, JJ., concur with STEUER, J.; VALENTE, J., concurs on constraint of *Associates Discount Corp.* v. *Davis Motor Sales* (275 App. Div. 745).

Order, entered on May 26, 1964, unanimously modified, on the law to the extent that it denies summary judgment to plaintiff and further denies third-party plaintiff's cross motion against third-party defendant Kent, and these motions granted, with one bill of $30 costs and disbursements to plaintiff against all defendants served and $30 costs and disbursements to third-party plaintiff against third-party defendant Kent, and with $30 costs and disbursements to third-party defendant King against third-party plaintiff Lockwood, and, as so modified, affirmed. Settle order on notice.

