**In the Matter of P. S. PRODUCTS CORP., Bankrupt,**

v.

**EQUILEASE CORPORATION, Appellant.**

**No. 95, Docket 34890.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 7, 1970.

Decided Nov. 24, 1970.

Jack Fineberg, New York City (Leibowitz & Platzer, New York City, of counsel), for appellant.

Matthew Feinberg, Hempstead, N. Y. (Jacob M. Goldman, and Seymour J. Silberberg, Mineola, N. Y., of counsel), for bankrupt-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

MOORE, Circuit Judge:

The appellant Equilease Corporation (Equilease) was the secured creditor with respect to certain machinery and equipment owned by P. S. Products Corporation, the bankrupt. The Trustee claims that Equilease's security interest was not properly perfected and that therefore Equilease is not entitled to reclaim the property in question, which is now in the possession of the Trustee. The Referee upheld the Trustee and the District Court affirmed his decision.

■ Pursuant to the New York Uniform Commercial Code, § 9–401(1) (c) (McKinney's 1964), a financing statement was filed with the county clerk of Nassau County and with the Secretary of State in Albany. Under that section, local filing is required in addition to central filing where "the debtor has a place of business only in one county of the state." If the debtor has a place of business in more than one county, the creditor need only file with the Secretary of State.[1] P. S. Products had its only place of business at 148 Allen Boulevard, Farmingdale, Long Island, New York, in Suffolk County. All its machinery and equipment were located there along with its offices and telephones. Because Farmingdale is located predominantly in Nassau County and only a small part of that town is within the borders of Suffolk County, Equilease apparently assumed that the bankrupt was located in Nassau County and as such filed in the wrong place. Thus, since there was no filing in Suffolk County, the filing requirements of the Code were not met, the security interest was unperfected, and hence the security interest was properly invalidated by the Trustee. Cf. Barnes v. Lynn, 221 F.2d 955 (2d Cir. 1955).

1. Section 9–401 is the basic section of the Code dealing with filing requirements:
(1) The proper place to file in order to perfect a security interest is as follows:
(a) when the collateral is equipment used in farming operations, or farm products, or accounts, contract rights or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the filing officer in the county of the debtor's residence if the debtor is a resident of the state, and in addition when the collateral is crops in the office of the filing officer in the county where the land on which the crops are growing or to be grown is located;
(b) when the collateral is goods which at the time the security interest attaches are or are to become fixtures, then in the office where a mortgage on the real estate concerned would be filed, recorded or registered, viz., in the office of the recording officer in the county where the real estate is located;
(c) in all other cases, in the department of state and in addition, if the debtor has a place of business in this state and in only one county of this state, also in the office of the filing officer of such county;
(d) for the purposes of paragraph (a) of this subsection, a foreign corporation which is authorized to do business in this state is deemed a resident of this state and the residence of debtor which is
(i) a domestic corporation, is the county in which the office of the corporation is to be located as specified in its certificate of incorporation or most recently filed certificate of amendment thereto;
(ii) a foreign corporation, is the county in which the office of the corporation within the state is to be located as specified in its application for authority to do business in this state or most recently filed amendment thereto;
(iii) a partnership and has filed in the office of the clerk of a county of the state a certificate under section four hundred forty of the penal law, in that county.
Thus, § 9–401(1) (c), applies only to goods not covered in § 9–401(1) (a) and (b).

■ Equilease contends, however, that since the Certificate of Incorporation lists the Town of Oyster Bay, in Nassau County, as the bankrupt's location, and lists a Nassau County law firm as its agent for service of process, the bankrupt had a place of business in both Suffolk and Nassau and, hence, no local filing was required. Prior New York law held that the location stated in the Certificate of Incorporation was conclusive as to the location of the "principal place of business" which, in turn, determined the place of filing. Barnes v. Lynn, *supra.* Thus, appellant argues that since the address in the Certificate of Incorporation formerly was considered to be *the* principal place of business, that address should now at least be considered as *a* place of business. We believe, however, that the new approach toward filing requirements which the New York Legislature adopted when it approved its version of the Uniform Commercial Code requires that the address listed in the Certificate of Incorporation must not itself be considered a place of business, unless the company actually conducts business at that location. To hold otherwise would be to destroy the usefulness of the local filing requirement. Creditors dealing with local firms with a place of business in only one county are supposed to be able to avoid the trouble of a search of the central records in Albany and are entitled to rely on the records of the county where the debtor is doing business. However, if the Certificate location was deemed to be a place of business, any debtor wishing to deceive his creditors, who were relying on local records, could do so simply by listing in the Certificate a location in a county other than the one in which its business is actually located. To require a creditor to check the Certificate of Incorporation in Albany before relying on local filing records would be to put the creditor to just the kind of inconvenience which the Legislature determined that local creditors should be able to avoid.[2] The legislative intent is further indicated by the fact that § 9–401(d) specifically states that for the purposes of § 9–401(a), a domestic corporation is deemed to reside at the address indicated in the Articles of Incorporation. No such rule is stated to apply to the term "place of business" as used in § 9–401(c).

The fact that the bankrupt is listed in the Nassau County telephone book, that it leased a Post Office Box in Nassau County and that it dealt with customers and suppliers outside of Suffolk County also does not alter the fact that the bankrupt's sole place of business was in Suffolk County, and hence Suffolk County filing was required.[3] In re Falkof, 2 U.C.C. Reporting Service 731 (D.Mass. 1963); In re McQuaide, 5 U.C.C. Reporting Service 802 (D.Vt.1968); In re Golden Kernal Inc., 5 U.C.C. Reporting Service 43, 47 (E.D.Pa.1968); see Manekas v. Allied Discount Co., 6 Misc.2d 1079, 166 N.Y.S.2d 366 (Sup.Kings 1954); Wolf v. Aero Factors Corp., 126 F.Supp. 872 (S.D.N.Y.1954), aff'd 221 F.2d 291 (2d Cir. 1955); Associates Discount Corporation v. Hunt, 23 A.D.2d 110, 258 N.Y.S.2d 929 (1st Dep't 1965).

The judgment of the District Court is affirmed, with costs to appellee.

2. To the extent that In re Herlands, 5 U.C.C. Reporting Service 1119, 1123–8 (E.D.N.Y.1968) (Opinion of Referee), affirmed, 5 U.C.C. Reporting Service 1132 (E.D.N.Y.1968), is inconsistent with this result, it can no longer be considered good law.

3. This is not to suggest that certain activities, not present here, accompanying dealings with customers outside the county would not constitute the establishment of a place of business outside the county. See In re John Henry Adams, 5 U.C.C. Reporting Service 795 (S.D.N.Y., September 25, 1968, affirmed by the District Court November 13, 1969, unreported).