## In re PUB DENNIS INTERNATIONAL, INC., Debtor.

### Bankruptcy No. 89–10802.

United States Bankruptcy Court,
D. Rhode Island.

May 30, 1990.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., for debtor.

Richard W. Petrocelli, Visconti & Petrocelli, Ltd., Providence, R.I., for the franchisees.

Diane Finkle, Ellen Benson, Winograd, Shine & Zacks, P.C., Providence, R.I., for Acorns, Ltd.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on May 1, 1990, on the Motion of Acorns Ltd. for Relief from the Automatic Stay, and on the objection [1] of seven franchisees [2]. The franchisees' initial basis for objection is that Acorns does not have a properly perfected security interest in the collateral [3]. On this specific point, we requested memoranda of law addressing Uniform Commercial Code requirements as to the perfection of security interests, on the circumstances present here.

Upon consideration of the arguments and legal authorities submitted, in addition to our own independent research, we make the following findings of fact and conclusions of law:

In January 1985, Pub Dennis International, Inc. filed Articles of Incorporation with the Secretary of State for the Commonwealth of Massachusetts, listing as its "initial principal office" 122 Pulaski Boulevard, Bellingham, Massachusetts 02109. In January 1986, Pub Dennis moved its business operation, its offices, and all books and records to 369 Park East Drive, Woonsocket, Rhode Island, and has since operated its business exclusively from this address. (*See* Affidavit of Dennis Beausoleil, April 27, 1990). On December 27, 1988, Pub Dennis executed a promissory note in the principal amount of $200,000, together with an Assignment and Security Agreement to Acorns, Ltd. Thereafter, on December 29, 1988, Acorns filed financing statements

---

1. In this decision, we deal only with the preliminary issue raised concerning the perfection of Acorns' security interest. All other objections to the relief from stay motion are reserved for future hearing, if necessary.

2. Also considered at the Relief from Stay hearing, and granted, was a Motion to Intervene brought by the seven franchisees.

3. Acorns contends that it holds a security interest in

an assignment of all contracts of the Debtor, including all Franchise Agreements as identified in said Security Agreement, certain insurance proceeds payable to the Debtor and all equipment, machinery, furniture and fixtures, with a continuing security interest in all such collateral thereafter acquired and all proceeds and all proceeds of such collateral ...

Motion of Acorns Ltd. for Relief from Automatic Stay and for an Accounting, March 5, 1990, p. 2.

with the Secretary of State for the State of Rhode Island and for the Commonwealth of Massachusetts, covering the same collateral and listing the debtor's address as 369 Park East Drive, Woonsocket, Rhode Island 02895.

The franchisees contend that because the debtor failed to amend its Articles of Incorporation to reflect its new business location, Acorns was required to file a financing statement with the Town of Bellingham, Massachusetts, in order to properly perfect its security interest. For the reasons given below, we reject this argument.

R.I.GEN.LAWS 1956 [1985 Reenactment], § 6A–9–103, entitled "Perfection of security interests in multiple state transactions," provides that, with respect to

Accounts, General Intangibles and Mobile Goods ... the law (including the conflict of law rules) of the jurisdiction in which the debtor is *located* governs the perfection and the effect of perfection or nonperfection of the security interest.

§ 6A–9–103(3)(b) (emphasis added).

Subsection (d) defines the term "located" as:

[a] debtor shall be deemed located àt his place of business if he has one, at his chief executive office if he has more than one place of business, otherwise at his residence.

§ 6A–9–103(3)(d).

The term "place of business" has been interpreted by numerous courts, and we agree with the definition used in *In re Air Vermont, Inc.,* 40 B.R. 323, 329 (Bankr.D. Vt.1984) that "place of business" is

one which has notoriety; a place where customers and creditors of the debtor would normally resort to or communicate with by mail or otherwise to trade with the debtor or engage in commercial transactions; a place where persons dealing with the debtor would normally look for credit information.

*Id.* at 329 (other citations omitted).

The Second Circuit in *P.S. Products Corp. v. Equilease Corporation,* 435 F.2d 781 (2d Cir.1970), also considered this issue and held that "the address listed in the Certificate of Incorporation must not itself be considered a place of business, unless the company actually conducts business at that location." *Id.* at 783. "To hold otherwise would be to destroy the usefulness of the local filing requirement." *Id.* at 783. We agree with the rationale stated in these decisions, and conclude, as a matter of law, that the debtor's place of business as of January, 1986 was (and is) 369 Park East Drive, Woonsocket, Rhode Island, and consequently we apply Rhode Island law in this instance. *See* § 6A–9–103(3)(b).

We also find informative the explanation given by the Second Circuit as to the distinction between the term "residence" and the term "place of business." *P.S. Products Corp, supra,* at 783. Indeed, the case relied upon by the franchisees, *Guterman v. Rice,* 121 F.2d 251 (1st Cir.1941), is consistent with the holding of the Second Circuit that the "residence" of a corporation is deemed to be the place designated in its Articles of Incorporation. *Id.* at 256; *see also National Cash Register v. K.W.C. Inc.,* 432 F.Supp. 82 (E.D.Ky.1977). However, the holding in *Guterman, supra,* is distinguishable from the facts present in the instant dispute, since we have ruled that the law of Massachusetts does not apply and therefore, Acorns was not required to file in the office of the clerk of the town in which the debtor resides. *See* MASS.GEN.L. ch. 106, § 9–401(1)(c) (1957) (recompiled 1984). Under Rhode Island law, Acorns is only required to file in the office of the Rhode Island Secretary of State. *See* R.I. GEN. LAWS § 6A–9–401(1)(c) (1985). Furthermore, under this section of the Rhode Island statute, "the residence of an organization is its place of business if it has one or its chief executive office if it has more than one place of business." § 6A–9–401(6). Additionally, in accordance with *P.S. Products Corp., supra;* and *In re Vermont, Inc., supra,* a debtor's place of business, for Uniform Commercial Code purposes, is the place where the company actually conducts its business. Here, it is undisputed that since 1986 the debtor has continued, without interruption, to conduct its business within the State of Rhode Island, and that it no longer conducts any business in Mas-

sachusetts. Accordingly, we conclude that, as a matter of law, Acorns' filing of its financing statement with the Rhode Island Secretary of State was sufficient to perfect its security interest in the subject collateral.

Lastly, we consider Acorns' contention that the present relief from stay motion should be severed from the claims asserted by the franchisees in their adversary proceedings. As to this, we agree with the Court in *In re Born* that, "... because of the magnitude of the issues raised by the affirmative defenses and counterclaims it would be impossible to conduct an efficient and orderly trial of those issues within the time provided by law for the trial or modification of stay issues", and that "[t]he only realistic solution is to try the allegations of the complaint that directly involve the modification of the stay totally apart from the affirmative defenses and counterclaims." *In re Born*, 10 B.R. 43, 46 (Bankr.S.D.Tx. 1981). Accordingly, it is ORDERED that said claims be severed from the instant relief from stay matter, and further, that our prior order authorizing the franchisees to intervene in this matter is REVOKED. *See* e.g., *In re Essex Properties Ltd.*, 430 F.Supp. 1112 (N.D.Cal.1977); *In re Born, supra.*

Enter Judgment accordingly.